

**IT IS ORDERED as set forth below:**

**Date: March 7, 2024**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBERS: |
| | : | |
| **LATOYA M VILLAGOMEZ,** | : | **23-57953-LRC** |
| aka Latoya Michelle Villagomez | : | |
| | : | |
| Debtor. | : | CHAPTER 7 |
| | : | |
| _____ | : | |
| **LATOYA M VILLAGOMEZ,** | : | |
| | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: |
| | : | |
| v. | : | **23-05147-LRC** |
| | : | |
| **HERNANADO COUNTY CIRCUIT COURT,** | : | |
| **STATE OF FLORIDA LEGISLATURE,** | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **DEFENSE, RON DESANTIS,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## <u>ORDER DISMISSING COMPLAINT</u>

On December 18, 2023, the Court entered an order denying Plaintiff's *Motion for Order to Be Issued for Default and Confirmation of Award* after concluding that the Court lacked subject matter jurisdiction and that the complaint filed by Plaintiff in this adversary proceeding fails to

state a claim upon which the Court can grant relief because Plaintiff was not the proper party to bring the claims. The Court also concluded that these defects were also an appropriate basis for dismissal of the complaint and gave Plaintiff fourteen days, to show cause why it should not be dismissed (Doc. 11, the "Order"). On December 29, 2023, Plaintiff filed two Responses to Order and Amendment to Original Pleading (Docs. 13 and 14, the "Responses"), along with two clarifying letters to the Court (Docs. 15 and 16, the "Letters"), a Motion to Allow an Arbitrator to Decide on Petition for Summary Judgment and Confirmation of Arbitration Award (Doc. 17),[1] and a Bill of Exchange, which apparently seeks payment $80,000,000 by the United States Treasury to this Court on Plaintiff's behalf (Doc. 19).[2]

In the Order, the Court noted that Plaintiff had sued the Hernanado County Circuit Court, the State of Florida Legislature, the United States Department of Defense, and Ron DeSantis ("Defendants") to obtain confirmation of an arbitration award in the amount of $248,400,000 (the "Complaint"). The Order reasoned that Kyle A. Cooper (the "Trustee"), as the Chapter 7 trustee of Plaintiff's bankruptcy estate was the proper party to bring the Complaint because any claim held by Plaintiff against Defendants arose prior to the Petition Date. Accordingly, these claims became and remained property of Plaintiff's bankruptcy estate, 11 U.S.C. § 541; *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004), and the Trustee was the only party with standing to pursue

---

[1] What exactly Plaintiff seeks through this motion is unclear. Plaintiff requests the Court allow the arbitrator to decide her petition on summary judgment. This request appears to contradict her request that the Court confirm the Award. To the extent that it could be considered a request for the Court to abstain in favor of another forum, it is moot by virtue of the Court's decision to dismiss the Complaint for lack of subject matter jurisdiction. Otherwise, it is denied, and Plaintiff can renew her request for whatever relief she seeks in an appropriate forum.

[2] This document does not appear to move the Court for relief. Accordingly, the Court need not dispose of it. The Court notes, however, that Plaintiff "appears to rely on frivolous legal theories propounded by the so-called 'redemption movement,' under which the U.S. Government, after abandoning the gold standard, allegedly started using its citizens as collateral and set up a secret account for each citizen at birth, which citizens can 'redeem' or reclaim to pay bills by invoking certain procedures. *See, e.g.*, *United States v. Barber*, 606 F. App'x 533, 534 n.1 (11th Cir. 2015); *Stevenson v. Bank of Am.*, 359 S.W.3d 466, 468 n.6 (Ky. Ct. App. 2011)." *Hesed-El v. Aldridge Pite*, LLP, 2021 WL 5504969, at *3 (11th Cir. Nov. 24, 2021). This document is further support for the Court's conclusion that the Complaint is frivolous.

such claims, 11 U.S.C. § 323; *In re Grabis*, 2020 WL 7346467, at *4 (Bankr. S.D.N.Y. Dec. 11, 2020) (noting that the court dismissed a cause of action because debtor did not have standing to pursue any monetary damage claims against defendant where "(1) any claim against [defendant] is a prepetition claim that is property of the Debtor's bankruptcy estate, and (2) only the chapter 7 trustee has standing to prosecute claims on behalf of the bankruptcy estate").

In the Responses and the Letters, Plaintiff asserts that she was the proper party to pursue the Complaint because the Trustee had abandoned the Award and told her that he did not have any issue with her pursuing confirmation of the Award.  Contrary to Plaintiff's assertions, the Trustee had not abandoned the Award at the time the Court issued the Order.  *See* 11 U.S.C. § 554 ("After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."); Fed. R. Bankr. P. 6007 ("Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to other entities as the court may direct.").  Since that time, however, Plaintiff's bankruptcy case (Case Number 23-57953-LRC) was closed, which did result in the abandonment of the Award pursuant to § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

Nonetheless, it appears to the Court, as it noted in the Order, that it lacks subject matter jurisdiction over the Complaint, primarily because Plaintiff filed the Complaint in violation of the automatic stay provided by § 362(a)(3), such that the filing of the Complaint was void, *see In re McConathy*, 2022 WL 1612447, at *9 (Bankr. W.D. La. May 20, 2022) ("When someone other than the estate's sole representative files a suit to adjudicate the rights of parties with respect to an asset of the estate, such action violates the automatic stay provisions of 11 U.S.C. § 362(a)(3)." (citing *In re Tamarack Development Associates, LLC*, 611 B.R. 286 (Bankr. W.D. Mich. 2020) (filing and pursuit of causes of action belonging to the estate by an entity other than the trustee has the potential to adversely affect the estate and constitutes an improper exercise of control over property of the estate in violation of section 362(a)(3)); *In re Garak*, 569 B.R. 684 (Bankr. E.D. Mich. 2017) (holding that chapter 7 debtors' continuing prosecution of counterclaims that they asserted against credit union, which were property of the bankruptcy estate, violated section 362(a)(3))"); *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982) ("Actions taken in violation of the automatic stay are void and without effect."); *Est. of Horner v. Bailor*, 2019 WL 1299046, at *4 (N.D. Cal. Mar. 21, 2019) (holding that suit filed in violation of the automatic stay "must be dismissed for lack of subject-matter jurisdiction"), and "[m]oreover, even if there were subject matter jurisdiction, the action is frivolous," as "[i]t is based on the indisputably meritless legal theory that an individual can fabricate an arbitration award and then enforce it in federal district court." *John v. Cent. Loan Admin. & Reporting*, 2021 WL 1845913, at *3 (E.D.N.Y. Apr. 13, 2021).

Additionally, most of the defendants enjoy Eleventh Amendment-immunity from this suit. *See Alexander v. Trump*, 753 F. App'x 201, 207 (5th Cir. 2018) ("A claim against a state's governor, in his official capacity, is typically viewed as a claim against the state itself. *See Okpalobi v. Foster*,

244 F.3d 405, 412-13 (5th Cir. 2001). 'The Eleventh Amendment bars suits by private citizens against a state in federal court.... A plaintiff may not avoid this bar simply by naming an individual state officer as a party in lieu of the State." Id. at 411 (citation omitted).'").  As to the Department of Defense, "[b]ecause the United States is sovereign, it is generally immune from suit—and courts are without jurisdiction to hear a suit against the United States—unless it has waived its immunity." *Id*. at 205 (5th Cir. 2018); *see also Stark v. United States*, 2017 WL 6551294, at *1 (N.D. Ga. Sept. 27, 2017) ("Plaintiffs' claims are subject to dismissal on jurisdictional grounds and for failure to state a claim. As the parties asserting claims against the United States, Plaintiffs have the burden of identifying an unequivocal waiver of sovereign immunity. Plaintiffs have not, and cannot, establish that the United States waived sovereign immunity for actions seeking confirmation of arbitration awards, or a grant of subject matter jurisdiction to district courts.").[3]  Without a waiver of sovereign immunity, the Court lacks subject matter jurisdiction.  *See Stark v. United States*, 726 F. App'x 767, 768 (11th Cir. 2018)

Finally, even if the Court had subject matter jurisdiction, it would abstain from hearing this matter because the outcome of this proceeding can have no conceivable impact on Plaintiff's bankruptcy case.  This Court has original but not exclusive jurisdiction over all civil proceedings

---

[3]  Plaintiff may incorrectly argue that the defendants waived their sovereign immunity by "agreeing" to arbitrate.  In a case with similar facts, the Court of Appeals for the Tenth Circuit affirmed the holding of the district court that "rejected [the] theory that an 'agreement' [to arbitrate] arose based on [Bayview's and the Bank's] failure to respond to [the counteroffer] . . . and determined that '[b]ecause arbitration is a matter of contract, and because the theory underlying the arbitration agreement put forward by Mr. Wicker here is unknown to the law of contracts, the purported award is an obvious sham and there can be no valid action based thereon." *Wicker v. Bayview Loan Servs., LLC*, 843 F. App'x 117, 118 (10th Cir. 2021); *see also In re Matter of Arb. Award of Robert Presley of HMP Arb. Ass'n Dated Apr. 18, 2019*, 2021 WL 389660 (E.D. Cal. Feb. 4, 2021), report and recommendation adopted sub nom. *In re Arb. Award of Robert Presley of HMP Arb. Ass'n Dated Apr. 18, 2019, Jorge-Alberto Vargas-Rios,* 2021 WL 963971 (E.D. Cal. Mar. 15, 2021) ("Applicant's apparent position that Guild Mortgage's failure to respond or agree to his March 5 letter resulted in a binding self-executing irrevocable contractual agreement or tacit acquiescence in the arbitration provisions is not tenable. 'It is a fundamental principle of contract law that silence does not constitute acceptance of a contract.'").

arising under title 11 or arising in, or related to, cases under title 11.  *See* 28 U.S.C. § 1334(b); 28

U.S.C. § 157(a).  A proceeding "arises under" title 11 if it asserts a right to relief created by the

Bankruptcy Code and a proceeding "arises in" a case under title 11 if it is an administrative matter

that only could occur in a bankruptcy case and would have no existence outside of bankruptcy.  A

proceeding is "related to" a case under title 11 if it potentially will have some impact on the

bankruptcy case or the bankruptcy estate but does not invoke a right to relief created by the

Bankruptcy Code and could exist outside of bankruptcy.  *In re Lemco Gypsum, Inc*., 910 F.2d 784,

788 (11th Cir. 1990) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)).  "'Related to'

jurisdiction 'is not so broad as to encompass litigation of claims arising under state law or non

bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one

of the litigants filed a petition in bankruptcy.'"  *In re Harlan*, 402 B.R. 703, 711 (Bankr. W.D. Va.

2009) (quoting *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D. Va. 2004)).

Notwithstanding the broad jurisdictional grant afforded to this Court under 28 U.S.C. §§

1334(b) and 157(a), the Court has discretionary authority to abstain from hearing certain matters

and may do so *sua sponte*.  28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district

court in the interest of justice, or in the interest of comity with State courts or respect for State law,

from abstaining from hearing a particular proceeding arising under title 11 or arising in or related

to a case under title 11."); *see also In re AstroTurf, LLC*, 2017 WL 3889710, at *24 (Bankr. N.D.

Ga. Sept. 5, 2017) (quoting *Carver v. Carver (In re Carver)*, 954 F.2d 1573 (11th Cir. 1998) ("The

court may abstain upon request of a party or sua sponte.")).

When deciding whether to abstain, the Court considers the following, nonexclusive factors:

"(1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the

discretionary abstention is exercised, (2) the extent to which state law issues predominate over

bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other nonbankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties." *In re Queen*, 2013 WL 6116864, at *1 (Bankr. N.D. Ga. Nov. 18, 2013) (holding that, where "the issues are wholly dependent upon matters of non-bankruptcy law and resolution of the adversary proceeding will not impact the efficient administration of the estate, abstention is warranted"); *see also In re Roman*, 2013 WL 6911375, at *4 (Bankr. N.D. Ga. Dec. 12, 2013); *In re Blackman*, 2017 WL 6033418, at *4 (Bankr. N.D. Ga. Dec. 5, 2017). "What this means is that a bankruptcy court should abstain from hearing a proceeding that has no bankruptcy purpose." *In re AstroTurf, LLC*, 2017 WL 3889710, at *26.

Applying the above factors, and assuming this Court has subject matter jurisdiction, permissive abstention is warranted. The Trustee has abandoned the Award, Plaintiff has received a Chapter 7 discharge of her prepetition debts, and the bankruptcy case has been closed. Accordingly, confirmation of the Award would not impact the bankruptcy estate in any way. Further, state law issues predominate over bankruptcy issues, as the relief sought in the Complaint is entirely dependent upon nonbankruptcy law. As a court of limited jurisdiction, with no core proceeding involved in this proceeding, the Court does not appear to have a jurisdictional basis,

other than 28 U.S.C. § 1334, to hear the Complaint.  There are no other pending state court proceedings of which the Court is aware, but, as the Award is no longer property of Plaintiff's bankruptcy estate, Plaintiff would remain free to pursue confirmation of the Award in an appropriate forum.  "[H]earing these claims would place a burden on this Court, while the outcome of the litigation will not bear on the administration of the estate."  *Roman*, 2013 WL 6911375, at *4.  "On the whole, these factors weigh in favor of permissive abstention and the remaining factors are either not applicable or neutral."  *Id*.

For the reasons stated above, it is hereby

ORDERED that the Complaint is dismissed without prejudice for lack of subject matter jurisdiction, or alternatively, if the Court has subject matter jurisdiction, due to the Court's decision to abstain from hearing the Complaint;[4]

IT IS FURTHER ORDERED that Plaintiff's Motion to Allow an Arbitrator to Decide on Petition for Summary Judgment and Confirmation of Arbitration Award (Doc. 17) is DENIED.

**END OF DOCUMENT**

**Distribution List**

Latoya M Villagomez
P.O. Box 681232
Prattville, AL 36068

Kyle A. Cooper
Kyle A. Cooper Trustee
120 Travertine Trail

---

[4] "Here, granting leave to amend would be futile because the Court lacks subject matter jurisdiction and the Court has determined that Plaintiffs' claims are factually frivolous." *Redmond v. Polunsky*, 2023 WL 2143600, at *6-7 (E.D. Tex. Feb. 21, 2023) (dismissing application to confirm arbitration award; "Plaintiffs' own statement that they would interpret a non-response as consent is legally irrelevant," because "[t]he mere fact that an offeror states that silence will constitute acceptance does not deprive the offeree of his privilege to remain silent without accepting," such that "Defendants did not agree to be bound by the contract Plaintiffs allegedly mailed to them on September 6, 2019, the parties could not have agreed to the arbitration provision buried in Plaintiffs' purported contract. Thus, the purported arbitration award is an 'obvious sham and there can be no valid action based thereon'").

Alpharetta, GA 30022

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Hernando County Circuit Court Clerk
20 N. Main Street
#136
Brooksville, FL 34601

State of Florida Legislature
420 The Capitol
402 South Monroe Street
Tallahassee, FL 32399

United States Department of Defense
3520 West Waters Avenue
Tampa, FL 33614

United States Attorney General
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

Governor Ron DeSantis
400 S. Monroe Street
Tallahassee, FL 32399