**IT IS ORDERED as set forth below:**



**Date: May 6, 2024**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NUMBERS: |
| **LATOYA M VILLAGOMEZ,** | : | **23-57953-LRC** |
| aka Latoya Michelle Villagomez | : | |
| Debtor. | : | CHAPTER 7 |
| _____ | : | |
| **LATOYA M VILLAGOMEZ,** | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: |
| v. | : | **23-05147-LRC** |
| **HERNANADO COUNTY CIRCUIT COURT, STATE OF FLORIDA LEGISLATURE, UNITED STATES DEPARTMENT OF DEFENSE, RON DESANTIS,** | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

On March 8, 2024, the Court entered an order dismissing Plaintiff's complaint against Defendants (the "Order," Doc. 21). On March 25, 2024, Plaintiff filed an *Objection Claim to the March 7, 2024 Void Order, and Motion to Reconsider Petitioner's Offer* (the "Motion to

Reconsider," Doc. 25). In apparent connection with her complaint, Plaintiff also filed an *Entry By Special Appearance* (Doc. 26), a document titled *CRIS Report Claim Requested*, a *Termination Claim of Insubordinate* (Doc. 27), and a letter addressed to "Whom It May Concern," demanding that the Court send Plaintiff a check for $80,000,000 within seventy-two hours of receipt of the letter (Doc. 29).[1] Finally, Plaintiff filed a *Motion to Recuse Judge* ("Motion to Recuse," Doc. 29).

In the Order, the Court explained that Plaintiff had sued the Hernanado County Circuit Court, the State of Florida Legislature, the United States Department of Defense, and Ron DeSantis ("Defendants") to obtain confirmation of an arbitration award in the amount of $248,400,000 (the "Complaint"). The Court concluded that it lacked subject matter jurisdiction over the Complaint and, even if the Court had subject matter jurisdiction, it would abstain from hearing this matter because the outcome of this proceeding can have no conceivable impact on Plaintiff's bankruptcy case. This is so because Plaintiff's bankruptcy case was a Chapter 7 case in which the Chapter 7 trustee investigated her assets, including the claim brought in the Complaint, and concluded that Plaintiff's bankruptcy estate lacked any assets to be administered for the benefit of creditors. After the Chapter 7 trustee abandoned that claim to Plaintiff, the Court discharged Plaintiff from her debts, relieved the Chapter 7 trustee of the trust, and closed Plaintiff's bankruptcy case. In short, there is no bankruptcy purpose to continuing Plaintiff's adversary proceeding. In the Motion to Reconsider, Plaintiff asserts that the Court erred in determining that the Complaint should be dismissed but fails to set forth a cogent reason. In the Motion to Recuse, Plaintiff seeks the Court's

---

[1] The purpose of most of these documents is unclear. As they do not appear to move the Court for relief, the Court will not address them separately. The Court notes, however, that Plaintiff "appears to rely on frivolous legal theories propounded by the so-called 'redemption movement,' under which the U.S. Government, after abandoning the gold standard, allegedly started using its citizens as collateral and set up a secret account for each citizen at birth, which citizens can 'redeem' or reclaim to pay bills by invoking certain procedures. *See, e.g.*, *United States v. Barber*, 606 F. App'x 533, 534 n.1 (11th Cir. 2015); *Stevenson v. Bank of Am.*, 359 S.W.3d 466, 468 n.6 (Ky. Ct. App. 2011)." *Hesed-El v. Aldridge Pite*, LLP, 2021 WL 5504969, at *3 (11th Cir. Nov. 24, 2021). These documents are further support for the Court's conclusion in the Order that the Complaint is frivolous.

2

recusal because Plaintiff is being treated unfairly, the Court refused to pay Plaintiff's creditors with an $80 million Bill of Exchange from the United States Treasury that was delivered to the Court, and the Court ruled against Plaintiff, engaged in criminal and fraudulent conduct, is biased, and has an unspecified conflict of interest.

As to the Motion to Recuse, under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," and under subsection (b), a judge shall disqualify herself if she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. The appropriate test under Eleventh Circuit law is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *In re Levine*, 2018 WL 4005434, at *2–3 (Bankr. N.D. Ga. Aug. 20, 2018) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). "Section 455 'does not invite recusal whenever it is requested by a party.'" *Id*. (citing *Guthrie v. Wells Fargo Home Mortgage, N.A.*, 2015 WL 1401660 at *3 (N.D. Ga. March 26, 2015). In fact, "there is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Id*.

First, pursuant to Eleventh Circuit Court of Appeals precedent, the fact that the Court ruled against Plaintiff is not a reasonable basis to question the Court's impartiality. The legal bases underpinning the Order are sound, such that nothing about the rulings made in this case demonstrates that the Court is biased against Plaintiff. *See In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007). Second, recusal cannot be based on 'unsupported, irrational or highly tenuous speculation." *In re Levine*, 2018 WL 4005434, at *2. There is nothing to support the conclusory

3

and vague allegation that the Court is involved in any criminal or fraudulent conduct. For these reasons, recusal is unwarranted.

Regarding the Motion to Reconsider, under Federal Rule of Civil Procedure 54(b), made applicable to this proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure, the Court may revise its decision "at any time before the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *see also In re Otero County Hospital Association, Inc.*, 585 B.R. 161, 165 (Bankr. D.N.M. 2018). "Though Rule 54(b) does not provide any guidelines for determining whether reconsideration of a non-final order is appropriate, courts within the Eleventh Circuit have agreed that 'a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) the need to correct clear error or prevent manifest injustice.'" *In re White*, 2017 WL 2601891, at *2 (Bankr. N.D. Ga. June 15, 2017) (Hagenau, J.); *see also Ankeney v. Zavaras*, 524 F. App'x 454, 458, 2013 WL 1799997, at *3 (10th Cir. 2013); *In re Sciortino*, 561 B.R. 245, 250 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.).[2]

Here, Plaintiff points to no intervening change in controlling law or newly discovered evidence and has not sufficiently explained why the Court erred. Plaintiff appears to assert that the Court should have reopened Plaintiff's bankruptcy case and confirmed her arbitration award to be used for payment of her debts. Reopening the bankruptcy case would not have resulted in the administration of the arbitration award or payment of any funds to Plaintiff's creditors, as the Chapter 7 trustee has determined that the claim is not worth pursuing, and, based on the record of

---

[2] As the Court did not enter a separate judgment when it entered the Order, the Court construes the Motion as one under Rule 54. The Court will enter a separate judgment regarding the dismissal of the Complaint concurrently with this Order.

4

the instant adversary proceeding, the Court concurs.[3] Accordingly, the Court finds no basis to support reconsideration of the Order.

For these reasons,

IT IS ORDERED that the Motion to Recuse Judge and the Objection Claim to the March 7, 2024 Void Order, and Motion to Reconsider Petitioner's Offer are **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Latoya M Villagomez
P.O. Box 681232
Prattville, AL 36068

Kyle A. Cooper
Kyle A. Cooper Trustee
120 Travertine Trail
Alpharetta, GA 30022

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Hernando County Circuit Court Clerk
20 N. Main Street
#136
Brooksville, FL 34601

State of Florida Legislature
420 The Capitol

---

[3] At least one court has noted that an arbitration award obtained under facts similar to those pled in the Complaint was "an obvious sham." *Wicker v. Bayview Loan Servs., LLC*, 843 F. App'x 117, 118 (10th Cir. 2021) (affirming the holding of the district court that "rejected [the] theory that an 'agreement' [to arbitrate] arose based on [Bayview's and the Bank's] failure to respond to [the counteroffer] . . . and determined that '[b]ecause arbitration is a matter of contract, and because the theory underlying the arbitration agreement put forward by Mr. Wicker here is unknown to the law of contracts, the purported award is an obvious sham and there can be no valid action based thereon"); *see also In re Matter of Arb. Award of Robert Presley of HMP Arb. Ass'n Dated Apr. 18, 2019*, 2021 WL 389660 (E.D. Cal. Feb. 4, 2021), report and recommendation adopted sub nom. *In re Arb. Award of Robert Presley of HMP Arb. Ass'n Dated Apr. 18, 2019, Jorge-Alberto Vargas-Rios*, 2021 WL 963971 (E.D. Cal. Mar. 15, 2021) ("Applicant's apparent position that Guild Mortgage's failure to respond or agree to his March 5 letter resulted in a binding self-executing irrevocable contractual agreement or tacit acquiescence in the arbitration provisions is not tenable. 'It is a fundamental principle of contract law that silence does not constitute acceptance of a contract.'").

402 South Monroe Street
Tallahassee, FL 32399

United States Department of Defense
3520 West Waters Avenue
Tampa, FL 33614

United States Attorney General
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

Governor Ron DeSantis
400 S. Monroe Street
Tallahassee, FL 32399